IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS LOCAL UNION NO. 219, SHEET METAL WORKERS LOCAL 219 TRUST FUNDS, SMACNA NORTHERN ILLINOIS INDUSTRY FUND, | ) | No. 16 cv 50335 |
| Plaintiffs, | ) | |
| v. | ) | |
| AIRDRONIC TEST & BALANCE, INC., | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiffs, INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS LOCAL UNION NO. 219 (hereinafter "the Union") and SHEET METAL WORKERS LOCAL 219 TRUST FUNDS, SMACNA NORTHERN ILLINOIS INDUSTRY FUND, (hereinafter "the Funds") (hereinafter collectively as "the Plaintiffs"), by and through their attorneys, HEYL, ROYSTER, VOELKER & ALLEN, and its attorney, MARK J. MCCLENATHAN, and hereby complains against the Defendant, AIRDRONIC TEST & BALANCE, INC., as follows:

### COUNT I of I
### (Failure to Pay Contributions)

1. Jurisdiction of this cause is based upon Section 301 of the National Labor Relations Act, as amended, (29 U.S.C. Section 185[a]), as more fully described below.

   a) Jurisdiction of this cause is also based upon Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. Section 1132 (ERISA).

b) Jurisdiction is founded on the existence of federal questions arising thereunder.

2. Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this district. The Plaintiff Funds are administered at its local office at 3316 Publishers Drive, Rockford, Illinois, 61109. Therefore, venue is proper in the Northern District of Illinois, Western Division.

3. The Plaintiff Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) AND 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of LMRA. 29 U.S.C. §186(C)(5). The Funds having standing to sue pursuant to 29 U.S.C. §1132(d)(1) AND 29 U.S.C. §185(a).

4. AIRDRONIC TEST & BALANCE, INC. (hereinafter referred to as "the Defendant") is an Illinois Corporation engaged in the sheet metal industry and doing business within this geographic area (with its principal office at 801 1st Avenue, Rochelle, Illinois 61068) and is an industry affecting interstate commerce and an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §158(c).

5. The Union is a labor union which represents its members in negotiations and dealing with employers with respect to rates of pay, hours of work, and other conditions of employment.

6. On or about November 19, 2003, the Defendant entered into a Collective Bargaining Agreement with the Union which is attached hereto as **Exhibit 1**.

7. Under the terms of the Collective Bargaining Agreements and subsequent Trust Agreements to which the Defendant is bound, which includes the Agreement between the Sheet Metal and Air Conditioning Contractors National Association of Northern Illinois, Inc. and the

Plaintiff, for the term of June 1, 2014 to May 31, 2017, attached hereto as **Exhibit 2 (pg. 31, Addendum 12)**, the Defendant is required to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, apprentice, working dues, and to submit monthly remittance reports in which the Defendant, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee.

8. Since on or about November 19, 2003, the Defendant has acknowledged and ratified the Collective Bargaining Agreement entered into with the Union by making some but not all of the periodic payments to the Funds as required by the Collective Bargaining Agreement.

9. Under the terms of the Collective Bargaining Agreement and subsequent Trust Agreements to which the Defendant is bound, the Defendant is required to submit its books and records to the Plaintiff on demand for an audit to determine benefit contribution compliance.

10. Under the terms of both Collective Bargaining Agreements and Trust Agreements to which the Defendant is bound, contributions to the Funds were due on the fifteenth (15th) day of the month following the month the hours were worked and were considered delinquent after the twentieth (20th) day of the month.

11. Under the terms of the Collective Bargaining Agreements and Trust Agreements to which the Defendant is bound, an employer who failed to make the contributions by the twentieth (20th) day of the month after the work was performed was required to pay an additional amount of ten percent (10%) in liquidated damages, plus one percent (1%) per month on all contributions, along with all legal fees and costs expended to collect this money.

12. Plaintiffs were advised and believed that beginning June 1, 2016, the Defendant has failed to report and pay contributions owed to the Plaintiff pursuant to the terms of the Collective Bargaining Agreements by which the Defendant is bound, all in violation of Defendant's contractual obligations and the objections under State and Federal Statutes jeopardizing the pension benefits and the health and welfare benefits of the participants and beneficiaries.

13. Plaintiffs sent a letter to Defendant, dated August 25, 2016, a copy hereto attached as **Exhibit 3**, advising the Defendant of its failure to submit his fringe benefit contributions for the months of June and July 2016, and requesting that these reports and payments be submitted immediately.

14. Plaintiffs subsequently sent a supplemental letter dated October 3, 2016, a copy hereto attached as **Exhibit 4**, advising the Defendant of its continued failure to submit fringe benefit contributions, now for the months of June 2016 to August 2016, and requesting the defendant immediately pay these contributions, and an additional 10% in liquidated damages and 1% interest per months on all contributions.

15. The Defendant's continued actions in failing to make timely reports and contributions violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

16. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), Section 301 of the LMRA, 29 U.S.C. §185, and the terms of the Collective Bargaining Agreements and subsequent Trust Agreements, the Defendant is liable to the Plaintiffs for unpaid contributions, as well as interest and liquidated damages on the unpaid and late contributions, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

17. Defendant has failed to make certain payments (contributions) required by them, pursuant to said Agreement, for the contributions for the Defendant's owner-member Richard Eraas, and thus is in breach of said Agreement and currently indebted to the Plaintiff for the following sums:

a) Failed to make payment to the Plaintiffs for the month of June 2016 in the amount of $1,691.87, plus an additional $142.04 for liquidated damages and interest.

b) Failed to make payment to the Plaintiffs for the month of July 2016 in the amount of $1,679.96, plus an additional $130.10 for liquidated damages and interest.

c) Failed to make payment to the Plaintiffs for the month of August 2016 in the amount of $1,668.10, plus an additional $118.27 for liquidated damages and interest.

d) Failed to make payment to the Plaintiffs for the month of September in the amount of $1,549.83.

18. Plaintiffs have been required to employ attorneys, including the undersigned attorney(s), to collect the monies that are found due and owing from the Defendant.

19. Plaintiffs have complied with all conditions precedent on bringing this suit.

20. Defendant is obligated to pay attorney fees, and court costs incurred by the Plaintiff Funds pursuant to 29 U.S.C. Section 1132(g)(2)(D).

21. Pursuant to 29 U.S.C. Section 1132(g)(2)(B), Plaintiffs are entitled to interest on delinquent contributions due the Plaintiff Funds.

22. Pursuant to 29 U.S.C. Section 1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

a) interest on the unpaid contributions; or

b) liquidated damages provided for under the Agreements not in excess of 20% of the amount that is due.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant, AIRDRONIC TEST & BALANCE, INC:

23. Directing the Defendant to submit its benefit reports and contributions and to submit the Defendant's books and records to an audit for the period June 1, 2012 to the present upon demand by Plaintiffs and for the Court to retain jurisdiction to enforce judgment in sum certain upon the results of the audit or for any further contributions that remain unpaid;

24. That the Defendant be ordered to pay as follows:

a) The amount of $1,833.91 to the Plaintiffs in unpaid contributions for the month of June 2016, pursuant to 29 U.S.C. Section 1132(g)(2)(A), which includes liquidated damages and interest, plus audit costs, and attorneys' fees and costs, in accordance with provisions of the collective bargaining agreement and 29 U.S.C. Section 1132(g)(2)(B & C);

b) The amount of $1,810.03 to the Plaintiffs in unpaid contributions for the month of July 2016, pursuant to 29 U.S.C. Section 1132(g)(2)(A), which includes liquidated damages and interest, plus audit costs, and attorneys' fees and costs, in accordance with provisions of the collective bargaining agreement and 29 U.S.C. Section 1132(g)(2)(B & C);

c) The amount of $1,786.37 to the Plaintiffs in unpaid contributions for the month of August 2016, pursuant to 29 U.S.C. Section 1132(g)(2)(A), which includes liquidated damages and interest, plus audit costs, and attorneys' fees and costs, in accordance with provisions of the collective bargaining agreement and 29 U.S.C. Section 1132(g)(2)(B & C);

d) The amount of $1,549.83 to the Plaintiffs in unpaid contributions for the month of September 2016, pursuant to 29 U.S.C. Section 1132(g)(2)(A), plus liquidated damages, interest, audit costs, and attorneys' fees and costs, in accordance with provisions of the collective bargaining agreement and 29 U.S.C. Section 1132(g)(2)(B & C).

25. To enter a judgment in an amount not yet ascertained against the Defendant on any amount shown due and owing pursuant to the audit including unpaid contributions, liquidated damages, interest, audit costs, and attorneys' fees and costs;

26. Ordering the Defendant to remain current in payment of contributions; and

27. Awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS LOCAL UNION NO. 219, SHEET METAL WORKERS LOCAL 219 TRUST FUNDS, SMACNA NORTHERN ILLINOIS INDUSTRY FUND,
Plaintiffs

BY: s/ Mark J. McClenathan
HEYL, ROYSTER, VOELKER & ALLEN
Attorney Mark J. McClenathan
ARDC #: 6196507

Attorney Mark J. McClenathan
Heyl Royster Voelker & Allen
Office address: 120 West State Street, Suite 200, Rockford, IL 61101
Mailing address: P.O. Box 1288, Rockford, IL 61105
815-963-4454 office x4209
815-963-0399 fax
mmcclenathan@heylroyster.com
**Service via email will be accepted at mmcclenathan@heylroyster.com and rckecf@heylroyster.com**